**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin LOPEZ–DIAZ, Defendant—**
**Appellant.**

No. 04–10599.
D.C. No. CR–F–03–05285–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2005.*

Decided Nov. 17, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

David L. Gappa, Office of the U.S. Attorney, Fresno, CA, for Plaintiff-Appellee.

Melody M. Walcott, Federal Public Defender's Office, Fresno, CA, for Defendant-Appellant.

Before O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Martin Lopez–Diaz appeals his conviction for being a deported alien found in the United States without permission in violation of 8 U.S.C. § 1326. We affirm his conviction. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

Lopez–Diaz contends that his underlying deportation, effected under the procedures for the expedited removal of aliens convicted of aggravated felonies outlined in 8 C.F.R. § 238.1, violated his right to due process because he did not appear before an immigration judge. To succeed on a collateral attack of the deportation proceeding underlying a § 1326 charge, the defendant must show that "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Garcia–Martinez*, 228 F.3d 956, 960 (9th Cir.2000) (quoting *United States v. Zarate–Martinez*, 133 F.3d 1194, 1197 (9th Cir.1998)).

We need not examine whether Lopez–Diaz's due process rights were violated, because he cannot show that he suffered any prejudice. Because Lopez–Diaz was deported through the expedited removal process for aliens convicted of an aggravated felony, he was not "eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." 8 U.S.C. § 1228(b)(5). Therefore, he cannot "demonstrate plausible grounds for relief from deportation," and is not entitled to relief. *Garcia–Martinez*, 228 F.3d at 963.

### II

The district court sentenced Lopez–Diaz before the United States Supreme Court held that the Sentencing Guidelines were advisory in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). Both parties agree that, under the circumstances presented by this case, a limited remand is warranted pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

**CONVICTION AFFIRMED; LIMITED REMAND ORDERED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.